UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

GEORGE JOHNSON,

    Plaintiff,

v.

KESTREL ENGINEERING, INC.,
et al.,

    Defendants.

Case No. 2:15-cv-2575
CHIEF JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Elizabeth P. Deavers

## OPINION AND ORDER

This is a Fair Labor Standards Act ("FLSA") collective action case. Plaintiffs George Johnson, Glenn Brochard, Randall Deem, and Robert Hughes (collectively, "Plaintiffs"), along with Defendant Kestrel Engineering, Inc. ("Defendant"), have moved the Court for approval of their Settlement Agreement and Release [ECF No. 33-1] (the "Agreement"). (Joint Mot. at 1 [ECF No. 33].)[1] Plaintiffs' counsel also request an award of attorneys' fees and litigation expenses. (*Id.* at 3–6.) Defendant has agreed not to oppose this request. (*Id.* at 3–5.) For the following reasons, the parties' Joint Motion [ECF No. 33] is **GRANTED**. The Agreement is **APPROVED** as to each plaintiff, and Plaintiffs' counsel are **AWARDED** the requested attorneys' fees and expenses.

I.

Plaintiffs assert wage-and-hour claims under the FLSA, 29 U.S.C. §§ 201, et seq. Plaintiffs contend that they were not paid overtime for the hours that they worked over 40 per week. (Compl. ¶ 36 [ECF No. 1].) The Court conditionally certified a collective action in this

---

[1] Each Plaintiff signed a different version of the Agreement. The operative terms of those agreements, however, are the same. Thus, for simplicity, the Court refers generically to the "Agreement."

case on December 31, 2015. (Order at 1 [ECF No. 28].) The collective includes all individuals who, during any workweek since December 1, 2012, were employed by Defendant in the United States as overtime-exempt utility inspectors, environmental inspectors, welding inspectors, electrical/instrument inspectors, survey inspectors, coating inspectors, safety inspectors, lead inspectors, materials managers, and field office managers who performed work, in-whole or in-part, pursuant to the Kinder Morgan Master Services Agreement with Defendant. (*Id.*)

Under the Agreement, Plaintiffs will release any claims that they may have against Defendant regarding their alleged unpaid wages or overtime. (Agreement at PageID 158–89 [ECF No. 33-1].) Defendant, in turn, will pay $14,104.38 to Plaintiff George Johnson, $10,001.29 to Plaintiff Robert Hughes, $17,181.70 to Plaintiff Randall Deem, and $8,462.63 to Plaintiff Glenn Brochard. (*Id.*) Plaintiffs will dismiss this action with prejudice upon the Court's approval of the Agreement and the parties' full performance of their obligations under the Agreement. (Joint Mot. at 2.)

FLSA settlement agreements generally require approval by a district court or the United States Department of Labor. *See* 29 U.S.C. § 216; *Gentrup v. Renovo Servs., LLC*, No. 1:07-cv-430, 2011 WL 2532922, at *2 (S.D. Ohio June 24, 2011). "Before approving a settlement, a district court must conclude that it is 'fair, reasonable, and adequate.'" *Int'l Union, United Auto., Aerospace, & Agric. Implement Workers of Am. v. Gen. Motors Co.*, 497 F.3d 615, 631 (6th Cir. 2007) (quoting Fed. R. Civ. P. 23(e)(1)(C)). Courts look to several factors when undertaking this inquiry: "(1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest." *Id.*

Here, the Agreement is fair, reasonable, and adequate. The parties zealously litigated this case with competent and experienced counsel, so the risk of fraud or collusion is low. The case would likely continue at considerable expense to the parties if the Agreement had not been reached. Indeed, disputes remain as to several issues, including (i) whether Plaintiffs are exempt from the FLSA's overtime premium pay requirements, (ii) whether Defendant's practice of paying Plaintiffs on a day rate basis complied with the FLSA, (iii) whether Plaintiffs worked over 40 hours in a week, and, if so, (iv) the number of overtime hours Plaintiffs worked. (Joint Mot. at 3.) The parties have engaged in a significant amount of discovery already. (*Id.*) Defendant has, for example, produced over 500 pages of documents and Plaintiff has conducted a Rule 30(b)(6) deposition. (*Id.*) The Agreement reflects a compromise of the disputed issues based on the parties' discovery, evaluation of each side's "likelihood of success on the claims and defenses, and the costs, uncertainties, and inconveniences of trial and appeal." (*Id.*) The public interest is advanced by fair, reasonable, and adequate settlements like the Agreement reached here. The parties' Agreement is, accordingly, approved as to each plaintiff.

## II.

Plaintiffs' counsel request $49,750.00 in attorneys' fees and litigation expenses. (Joint Mot. at 3.) Under the Agreement, Defendants do not oppose this request. (*Id.* at 5.) These fees and expenses would be awarded to Plaintiffs' counsel and are separate from the amounts, listed earlier, payable to Plaintiffs. (Agreement at PageID 158–89 [ECF No. 33-1].)

Under 29 U.S.C. § 216(b) of the FLSA, "[t]he court . . . shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." "The purpose of the FLSA attorney fees provision is 'to insure effective access to the judicial process by providing attorney fees for prevailing plaintiffs

3

with wage and hour grievances.'" *Fegley v. Higgins*, 19 F.3d 1126, 1134 (6th Cir. 1994) (quoting *United Slate, Tile & Composition Roofers, Damp & Waterproof Workers Ass'n, Local 307 v. G & M Roofing & Sheet Metal Co.*, 732 F.2d 495, 502 (6th Cir. 1984)). "Courts should not place an undue emphasis on the amount of the plaintiff's recovery because an award of attorney fees [in a FLSA case] 'encourage[s] the vindication of congressionally identified policies and rights.'" *Id.* at 1134–35 (quoting *United Slate*, 732 F.2d at 503). Plaintiffs "'bear[] the burden of proving that the requested fees and expenses are reasonable.'" *Barnett v. E-Waste Sys., Inc.*, No. 1:14-cv-908, 2015 WL 1757302, at *7 (S.D. Ohio Apr. 17, 2015) (quoting *Citizens Against Pollution v. Ohio Power Co.*, 484 F. Supp. 2d 800, 808 (S.D. Ohio 2007)). "In determining what is reasonable, the general approach is to 'first determine the lodestar amount by multiplying the reasonable number of hours billed by a reasonable billing rate.'" *Citizens Against Pollution*, 484 F. Supp. 2d at 808 (quoting *Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999)). "There is a 'strong presumption that the lodestar represents the reasonable fee.'" *Id.* (quoting *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992)).[2]

Plaintiffs' counsel seek $44,670.74 in attorneys' fees. (Joint Mot. at 5–6.) They expended approximately 180.82 hours on this litigation. (*Id.* at 6.) Plaintiffs' counsel have not requested that the Court award a specific hourly rate. (*See id.*) Instead, they explain that given the fee requested and time expended, they would collect at an effective rate of approximately $247.05 ($44,670.74 / 180.82) per hour. (*Id.*)

Considering the amount of discovery completed so far and the posture of this litigation (post conditional certification), an expenditure of 180.82 hours is reasonable. As to a reasonable

---

[2] The lodestar amount can be adjusted upward or downward based on a twelve-factor test. *Citizens Against Pollution*, 484 F. Supp. 2d at 808. The Court need not apply this test, though, as Plaintiffs' counsel do not request an amount greater than the lodestar and the Court, as noted below, finds that an award of the lodestar amount is warranted.

4

hourly rate, attorneys who practice employment law on the labor side in Ohio bill at a median rate of $288 per hour and at a mean rate of $313 per hour. Ohio State Bar Ass'n, *The Economics of Law Practice in Ohio in 2013*, at 40 (2013). Accordingly, an effective rate of $247.05 per hour is reasonable. The Court, thus, arrives at a lodestar of $44,670.74 (approx. $247.05 x 180.82), which Plaintiffs' counsel may collect as requested.[3] Plaintiffs' counsel may also collect their litigation expenses of $5,079.26, which the Court finds to be reasonable as well given the duration and posture of this case.

### III.

For the foregoing reasons, the parties' Joint Motion [ECF No. 33] is **GRANTED**. The Settlement Agreement and Release is **APPROVED** as to each plaintiff, and Plaintiffs' counsel are **AWARDED** the requested attorneys' fees and expenses.

**IT IS SO ORDERED.**

9-22-2016
**DATE**

**EDMUND A. SARGUS, JR.**
**CHIEF UNITED STATES DISTRICT JUDGE**

---

[3] Of the 180.82 hours that Plaintiffs' counsel expended on this case, 4.04 of those hours were completed by a law clerk, 13.45 were completed by a paralegal, 2.88 were completed by a case manager, and 1.1 hours are described as "[c]lerical." (DeRose Decl. at 2 [ECF No. 33-3]; Santillo Decl. at 6 [ECF No. 33-2].) The remaining 159.35 hours were completed by attorneys. (DeRose Decl. at 2; Santillo Decl. at 6.) If the Court were to assess the reasonableness of Plaintiffs' counsel's requested fees solely based on the time expended by *attorneys*, the Court would still find that $44,670.74 is the lodestar in this case. To begin, spending 159.35 hours on a case of this complexity is reasonable. And at 159.35 hours, Plaintiffs' counsel would collect at an effective rate of $280.33 ($44,670.74 / 159.35) per hour. This is a reasonable hourly rate considering that it is still lower than the median and mean rates for attorneys practicing employment law on the labor side in Ohio. *See* Ohio State Bar Ass'n, *The Economics of Law Practice in Ohio in 2013*, at 40 (2013). The lodestar would, thus, still be $44,670.74 ($280.33 x 159.35).

5